IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSEPH KEATON, | : | |
| Plaintiff, | : : : | |
| VS. | : | CIVIL ACTION FILE NO. |
| J. MARTIN, | : : | 7: 04-CV-55 (HL) |
| Defendant. | : : | |

**ORDER**

Presently pending in this *pro se* prisoner § 1983 action are several motions.

*1. Plaintiff's Motion to Take Depositions (tab 28)*

Plaintiff has filed this motion to take the deposition of defendant and five additional witnesses. However, there is no provision for depositions to be paid for by the opposing party. Plaintiff's status as *in forma pauperis* does not entitle him to free discovery at the expense of the defendant or paid for by the court. In his motion, plaintiff does not specify how the depositions will be financed. Consequently, plaintiff's motion is **DENIED** at this time. The undersigned will reconsider another motion showing plaintiff's proposed method of payment.

*2. Plaintiff's Motion for Declaration (tab 32)*

Plaintiff seeks a "declaration" or hearing regarding the dismissal of named defendants Ward and Freeman, who were dismissed, according to plaintiff, without notice to plaintiff. However, a review of the file reveals that the undersigned recommended that these two defendants be dismissed from this suit on October 18, 2004. Plaintiff was notified in that order that he had a specific period of time in which to file objections to that recommendation prior to ruling upon

such by the district judge. Plaintiff filed objections; however, the district judge adopted the recommendation of the undersigned to dismiss Ward and Freeman in an order dated November 2, 2004. Plaintiff was given notice and an opportunity to be heard. Therefore, plaintiff's motion is **DENIED**.

### *3. Defendant's Motion for an Extension of Time to Reply to Plaintiff's Motion for Summary Judgment (tab 36)*

Defendant requests that she be given additional time in which to respond to plaintiff's motion for summary judgment due to the need to obtain original documents from the court reporter who took plaintiff's deposition. This motion is **DENIED** as moot as defendant filed the response within days of filing this motion. The undersigned will consider the response on its merits.

### *4. Plaintiff's Motion to Amend his Complaint (tab 45)*

Plaintiff requests that he be allowed to include a claim against plaintiff under the Americans with Disabilities Act. In his proposed amendment, plaintiff sets out certain provisions in the Act, and states how he meets the definition of disabled; however, plaintiff does not describe how any acts or omissions on the part of defendant violated the Act. Rule 15 of the Federal Rules of Civil Procedure provides that subsequent to the filing of responsive pleadings, "a party may amend a party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, plaintiff has not stated a claim with any specificity in this proposed amendment. Plaintiff's motion to amend is **DENIED without prejudice** to his right to file a more specific motion to amend.

### *5. Plaintiff's Motion for Sanctions (tab 46)*

Plaintiff alleges that sanctions are in order against counsel for defendant for failing to file

responses to interrogatories and for failure to give plaintiff a copy of his deposition. However, a review of the file reveals that plaintiff has failed to file a motion to compel and a certificate of good faith of an attempt to resolve the dispute with counsel. These steps are a prerequisite to any consideration of sanctions. If plaintiff has an issue regarding discovery, he must first document an attempt to resolve the issue with counsel for defendant; then he may file a motion to compel specifically setting out what discovery issues he has with defendant. Until such is filed and considered, plaintiff's motion for sanctions is **DENIED** as premature.

### 6. *Notice of Filing of Motion for Summary Judgment*

The plaintiff is hereby notified that a motion for summary judgment has been filed on behalf of defendant accompanied by a brief, affidavits, and other supporting materials. The court is required to adequately advise the plaintiff of the significance of the defendant's Motion for Summary Judgment pursuant to <u>Griffith v. Wainwright</u>, 772 F.2d 822 (11th Cir. 1985). Therefore, in an effort to afford the plaintiff, who is proceeding *pro se*, adequate notice and time to respond to the defendant's motion, the following notice is given.

Rule 56(c) of the Federal Rules of Civil Procedure, addressing motions for summary judgment, provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Under the procedures and policies of this court, motions for summary judgment are normally decided on briefs. The court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The parties may submit their argument to this court by filing briefs in support of or briefs in opposition to said motions.

The law provides that the party against whom summary judgment is sought must be given ten (10) days notice of the summary judgment rules. In addition, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a FINAL judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can be granted only if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot simply rely on the pleadings. Rather, in order to establish that a genuine issue of material fact exists, he must respond by filing affidavits, depositions, or other materials to persuade the court that the case must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Ind., Inc., 736 F.2d 656, 658 (11th Cir. 1984).

**FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO AND REBUT THE STATEMENTS SET FORTH IN THE DEFENDANT'S AFFIDAVITS AND/OR OTHER**

**SWORN PLEADINGS MAY RESULT IN SAID STATEMENTS BEING ACCEPTED AS THE TRUTH.**  The court could grant judgment to the defendant and there would be no trial or further proceedings as to this defendant.

Accordingly, the plaintiff is **NOTIFIED AND DIRECTED** to file a response to the defendant's Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure **WITHIN THIRTY (30) DAYS** of the date of this order.   Plaintiff is directed to Local Rule 7.4, which limits the length of any response to a motion to twenty pages, except upon good cause shown <u>and</u> leave given by the court.  After the passage of  forty five (45) days from the date of this order, the court will consider the defendant's Motion for Summary Judgment and any opposition to same filed by the plaintiff.

**SO ORDERED**, this 8th day of June, 2005.

<u>//S Richard L. Hodge</u>
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd