IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSEPH KEATON, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7: 04-CV-55 (HL)** |
| J. MARTIN, | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action are plaintiff's motion for summary judgment (tab 34) and defendant's cross-motion for summary judgment (47). In his complaint, plaintiff, a *pro se* prisoner incarcerated at Johnson State Prison at all times relevant to this suit, alleges that defendant, an official at Johnson State Prison, denied plaintiff access to the courts in violation of his constitutional rights.

Plaintiff's current incarceration is a result of a parole violation in Ware County, Georgia in 2002. During his time at Johnson State Prison for those charges, plaintiff pursued post conviction relief through a habeas corpus petition concerning his original conviction for the sale and distribution of cocaine. The habeas petition was denied on June 19, 2003 as being successive. Plaintiff was then instructed that if he wished to appeal the decision, he had to file a Certificate of Probable Cause in the Supreme Court of Georgia and a Notice of Appeal in the Superior Court of Johnson County within 30 days from the date of the filing of the order.

On July 15, 2003, petitioner filled out a request for indigent postage for legal mailing to the Supreme Court and to the Superior Court of Johnson County, which was approved by defendant. Plaintiff alleges that on September 26, 2003, Officer Dennis (who is not a party to this suit)

notified plaintiff that he had mail.  The mail turned out to be the Application for a Certificate of Probable Cause to the Supreme Court which was returned to plaintiff.  Plaintiff contacted prison officials about the problem, who attempted to correct it and mailed it out again; however, it was denied by the Supreme Court as untimely.  Petitioner filed an appeal to the Supreme Court of Georgia, asking for reconsideration in that the untimeliness of the application was not his fault; this was denied by the Supreme Court of Georgia.  Plaintiff faced a similar situation with his appeal to Johnson Superior Court, which was also denied for being untimely.

Defendant works in the accounting department at the prison and her duties include being responsible for indigent mail.  She is required to verify an inmate's eligibility for indigent postage, affix stamps to the envelopes, list the letters on the request form, log the letters in the stamp ledger book, copy the letters and attach the copies to the request for indigent postage.  (Affidavit of Jan Martin).  She confirms that plaintiff made the request for indigent postage on July 15, 2003, and states that it was approved and the mail was sent out on July 18, 2003.  (Affidavit Jan Martin).

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235 (11th Cir. 1992)(citing <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its

burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

It is now established beyond doubt that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977).   "[T]he fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135

L.Ed.2d 606 (1996); see Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir.1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability"). While Bounds guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. See Lewis, 518 U.S. at 349-51, 116 S.Ct. at 2179-80.

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id.* at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *See id.* at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir.1996) (per curiam).

Here, plaintiff has filed supporting documentation showing that he was approved for indigent mail on July 15 and that his mail was ostensibly sent out on July 18, 2003.  Plaintiff has also filed documentation from the Supreme Court of Georgia showing that his application for a certificate of probable cause to appeal was denied because it was untimely filed.

Defendant argues that there was no injury as plaintiff had the opportunity to explain why his application was untimely to the Supreme court of Georgia, which rejected his argument.  "The

4

alleged actions of Defendant did not ultimately cause any injury to Plaintiff, as the [Supreme] Court [of Georgia] considered Plaintiff's contentions regarding the untimely mailing of his application and still denied his motion." (Defendant's brief page 12).

The undersigned is not persuaded by defendant's argument. The fact is not in dispute that plaintiff's application for a certificate of probable cause was untimely, and dismissed as such. Just because plaintiff had an opportunity to file a motion for reconsideration, does not obviate the fact that it was untimely filed due to no fault on the part of the plaintiff. Additionally, the record is unclear as to exactly why the application was not mailed out on July 18, 2003 as all the records indicate. There is no return envelop indicating why it was not mailed out or why it was not discovered until two months later.

Indigent prisoners rely upon prison officials to provide them with reasonable access to the courts, to include stamps and envelops. It appears here that plaintiff followed the proper procedure for obtaining indigent mail, and was in fact approved for such. The record is absent as to why the mail was not sent out on July 18, 2003. Therefore, the undersigned is of the opinion that there is a genuine issue of material fact in this case as to whether there has been a violation of plaintiff's constitutional right to access to the courts.

However, that does not equate with a conspiracy or retaliation attempt on the part of this defendant, as plaintiff has argued. Prison officials are precluded from retaliating against inmates for exercising their constitutional rights and that, in certain circumstances, retaliation can give rise to a claim under § 1983. Thomas v. Evans, 880 F.2d 1235 (11th Cir. 1989). Plaintiff has labeled this conduct as retaliatory, but has failed to come forth with any evidence to substantiate the claim. Conclusory allegations cannot survive a properly supported motion for summary

judgment. Defendant is entitled to have this portion of her motion for summary judgment granted.

Therefore, it is the RECOMMENDATION that plaintiff's motion for summary judgment be **DENIED**; and that defendant's cross-motion for summary judgment be **DENIED in part and GRANTED in part**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of February, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd