IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSEPH KEATON, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | 7: 04-CV-55 (HL) |
| J. MARTIN, | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner § 1983 action are plaintiff's motion for summary judgment (tab 66) and defendant's motion for summary judgment (62). Both parties had previously filed motions for summary judgment. The undersigned recommended that plaintiff's motion be denied, and that defendant's motion be granted as to the claim of retaliation, but denied as to denial of access to the courts. In adopting the recommendation, the District Judge to whom this case is assigned gave leave for defendant to file another motion for summary judgment to consider additional evidence. (Doc. 61).

In his complaint, plaintiff, a *pro se* prisoner incarcerated at Johnson State Prison at all times relevant to this suit, alleges that defendant, an official at Johnson State Prison, denied plaintiff access to the courts in violation of his constitutional rights.

Plaintiff's current incarceration is a result of a parole violation in Ware County, Georgia in 2002. During his time at Johnson State Prison for those charges, plaintiff pursued post conviction relief through a habeas corpus petition concerning his original conviction for the sale and distribution of cocaine. The habeas petition was denied on June 19, 2003 as being successive. Plaintiff was then instructed that if he wished to appeal the decision, he had to file a

Certificate of Probable Cause in the Supreme Court of Georgia and a Notice of Appeal in the Superior Court of Johnson County within 30 days from the date of the filing of the order.

On July 15, 2003, petitioner filled out a request for indigent postage for legal mailing to the Supreme Court and to the Superior Court of Johnson County, which was approved by defendant. Plaintiff alleges that on September 26, 2003, Officer Dennis (who is not a party to this suit) notified plaintiff that he had mail. Plaintiff alleges that the mail turned out to be the Application for a Certificate of Probable Cause to the Supreme Court which was returned to plaintiff. Plaintiff contacted prison officials about the problem, who attempted to correct it and mailed it out again; however, it was denied by the Supreme Court as untimely. Petitioner filed an appeal to the Supreme Court of Georgia, asking for reconsideration in that the untimeliness of the application was not his fault; this was denied by the Supreme Court of Georgia. Plaintiff alleges a similar situation with his appeal to Johnson Superior Court, which was also denied for being untimely.

Defendant works in the accounting department at the prison and her duties include being responsible for indigent mail. She is required to verify an inmate's eligibility for indigent postage, affix stamps to the envelopes, list the letters on the request form, log the letters in the stamp ledger book, copy the letters and attach the copies to the request for indigent postage. (Affidavit of Jan Martin). She confirms that plaintiff made the request for indigent postage on July 15, 2003, and states that it was approved and the mail was sent out on July 18, 2003. (Affidavit Jan Martin).

In the previous recommendation, the undersigned determined that plaintiff had suffered an actual injury, as his application for certificate of probable cause was dismissed as untimely by

the Georgia Supreme Court. The undersigned found it significant that the record was silent as to why the application never made its way to the Georgia Supreme Court.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at

2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

Defendant asserts that she is entitled to qualified immunity from suit in her individual capacity. Qualified immunity shields government officials acting in the performance of their official duties. In defining the extent of the protection of that qualified immunity, the United States Supreme Court set forth a test of reasonable objectiveness such that: government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In 2002, the United States Supreme Court addressed the issue of qualified immunity again, outlining the meaning of a "clearly established" constitutional right as follows: for a constitutional right to be clearly established, its 'contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action is question has previously been held unlawful; Mitchell v. Forsyth, 472 U.S. 511,] 535, n.12, 105 S.Ct. 2806, 86 L.Ed. 2d 411; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.' Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987). Hope v. Pelzer, 122 S.Ct. 2508 (2002).

In other words, the objective reasonableness is to be determined by whether the right alleged to have been violated was clearly established at the time of alleged violation with sufficient specificity so "that in light of preexisting law, the unlawfulness [of the action in question] must

be apparent." Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L.E.2d 523, 531 (1987). In many, if not most cases, this means that "the apparency of an unlawful action will be established by (if it can be established at all) preexisting case law which is sufficiently similar in facts to the facts confronting an officer, such that we can say every objectively reasonable officer would have been on 'fair notice' that the behavior violated a constitutional right." Willingham v. Loughnan, 321 F.3d 1299, 1302 (11th Cir. 2003). Moreover, only opinions from the U.S. Supreme Court, the Eleventh Circuit or the Georgia Supreme Court should be considered when examining whether an officer's conduct is unlawful in light of preexisting case law. Thomas v. Roberts, 323 F.3d 950 (11th Cir. 2003).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate the existence of genuine issues of material fact as to whether the official's actions violated the clearly-established law. Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).

Defendants asserts that the question is whether a reasonable state actor would have known that she had the responsibility to ensure that indigent mail was received by its intended recipient. That clearly is not the case law, and that is not what the undersigned found in the previous recommendation to deny defendant's motion for summary judgement. Instead, the undersigned believes that the more appropriate inquiry is whether or not an official should have known that intentionally failing to mail indigent legal mail, as it is alleged in this action by plaintiff, would violate the plaintiff's constitutional rights to access to the courts. The undersigned finds that the law was thus clearly established. As quoted by defendant, Courts have held that unreasonable interference with a prisoner's outgoing legal correspondence, particularly when it

5

limits his access to the courts, creates a cause of action under § 1983. Martin v. Wainwright, 526 F.2d 938 (5th Cir. 1976). "While the control of prison mail is a matter of internal prison administration with which the federal courts are loath to interfere, the denial of free and unfettered communication between inmates and courts and attorneys may constitute a denial of federal constitutional rights." Barlow v. Amiss, 477 F.2d 896 (5th Cir. 1973) (internal citations omitted). However, "prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998), citing Lewis, 518 U.S. at 351.

It is now established beyond doubt that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to ... provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996).

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id.* at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas

6

petition, or civil rights case that results from actions of prison officials. *See id.* at 1446. Here, plaintiff has filed supporting documentation showing that he was approved for indigent mail on July 15 and that his mail was ostensibly sent out on July 18, 2003. Plaintiff has also filed documentation from the Supreme Court of Georgia showing that his application for a certificate of probable cause to appeal was denied because it was untimely filed.

However, defendant has come forward with evidence showing that on July 15, 2003, plaintiff completed an indigent postage request form, requesting non-legal postage for a letter to Daniel M. King, Esq., and legal postage for letter to the Johnson County Clerk of Superior Court and to the Supreme Court of Georgia. (Martin Aff., Exh.A). Defendant affixed the requested postage on the three letters on July 18, 2003, and made copies of the envelopes completed by plaintiff, which were stamped for mailing on July 18, 2003. (Martin Aff., Exh.B). Defendant then placed the letters in the outgoing mail for postal delivery. (Martin Aff.).

The documents sent to the Johnson County Superior Court, received by Patricia Glover, the Clerk of Court, and to Mr. King, who was the Special Assistant Attorney General assigned to plaintiff's habeas corpus petition pending in Johnson County Superior Court, were pleadings entitled "Motion for 30 Day Extension for Appeal." (Glover Aff., Exhibit A); (King Aff., Exhibit A). They were received by the respective parties on July 21, 2003. (Id.).

As pointed out by defendant, there is no other evidence in the record showing that anything else was sent by plaintiff on July 15, 2003. So it is reasonable to assume that the missing document to the Supreme Court of Georgia was the same document received by the Johnson County Superior Court and Mr. King, which is a motion for an extension of time to file an appeal, rather than the actual appeal, as alleged by plaintiff.

Defendant also asserts that the fact that two of the three mailings were in fact received by their intended recipients is evidence that she did not intentionally fail to mail the third mailing to the Supreme Court of Georgia. Defendant also asserts in her affidavit that she simply has no explanation for why the one document to the Supreme Court of Georgia did not arrive, and that plaintiff is able to show, at most, negligence on defendant's part.

The undersigned agrees. Liability for negligence is beneath the threshold of constitutional due process. County of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998). See Simkins v. Bruce, 406 F.3d 1239, 1242 (10th Cir. 2005) (holding that "plaintiff's claim that a right of access to the courts has been impeded requires him to allege intentional conduct interfering with his legal mail, and does not require an additional showing of malicious motive. By contrast, when access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs"); see also Snyder v. Nolen, 380 F.3d 279, 291 n. 11 (7th Cir. 2004) (holding that "an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts").

Nothing that plaintiff has provided in his own motion for summary judgment or any where else in the record rebuts defendant's properly supported motion for summary judgment.

Therefore, it is the RECOMMENDATION that plaintiff's motion for summary judgment be **DENIED**; and that defendant's motion for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th day of February, 2007.

                          //S Richard L. Hodge
                          RICHARD L. HODGE
                          UNITED STATES MAGISTRATE JUDGE

msd