# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **JOSEPH KEATON,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:04-cv-55(HL) |
| **J. MARTIN**, | : | |
| Defendant. | : | |

## ORDER

The Recommendation of United States Magistrate Judge Richard L. Hodge, entered February 7, 2007 [Doc. 69], is before the Court. The Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [Doc. 66] be denied, and recommends that Defendant's Motion for Summary Judgment [Doc. 62] be granted. Plaintiff has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court, having given careful consideration to the Recommendation and de novo consideration to those portions of the Recommendation to which objection is made, hereby accepts the Recommendation as more fully explained below.

The crux of Plaintiff's claim against J. Martin is this: He says on July 15, 2003, he gave Defendant three letters to mail, one of which was an application for certificate of probable cause to be mailed to the Supreme Court of Georgia. He claims that the application for certificate of probable cause, that was supposed to have been mailed, was found, undelivered, in a different dorm and returned to him on September 26, 2003. Because of the late-filing he was unable to

appeal the denial of his state habeas corpus petition and, therefore, he brings a claim for a violation of his constitutional rights resulting from denial of access to the courts.

In support of the Motion for Summary Judgment under review here, Defendant has provided her affidavit, in which she asserts that she received three pieces of mail from Plaintiff on July 15, 2003, including one addressed to the Supreme Court of Georgia. An attachment to Defendant's affidavit shows that she placed stamps on the letters. Her affidavit further states that she posted the letters on July 18, 2003. As further support for her position, Defendant has included the affidavits of the other two recipients of the July 18, 2003, mailing–Patricia Glover and Daniel King–who aver that they received their mail on July 21, 2003. On the basis of this evidence, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted.

Plaintiff objects to the grant of Defendant's Motion for Summary Judgment because he believes that the evidence only shows that she mailed the letters to Glover and King and that the evidence does not show that she mailed his application for certificate of probable cause to the Supreme Court of Georgia. Unfortunately for Plaintiff, however, his argument overlooks that it is not Defendant's burden to prove that she mailed the document but, rather, it is Plaintiff's burden to prove that she did not and that her failure to do so was intentional. In this respect, he has failed to come forward with evidence sufficient to meet his burden.

Plaintiff's bare assertions, at this stage of the litigation, that Defendant did not mail the document are not enough to survive a summary judgment challenge. At the summary judgment stage, the party who bears the burden of proof at trial–the Plaintiff here–must come forward with sufficient evidence which, if credited by a jury, would establish the essential elements of

his case. Here, the evidence that Plaintiff has put forward consists of his claims that (1) he gave an envelope addressed to the Supreme Court of Georgia to Defendant to mail on July 15, 2003[1]; (2) the envelope contained an application for a certificate of probable cause[2]; and (3) the contents of the envelope deposited with Defendant on July 15, 2003, were returned to him by an official at the jail on September 26, 2003. However, even were a jury to credit all of Plaintiff's testimony it would not be enough for him to succeed on his claim of denial of access to the courts.

At best, a jury could find that Defendant negligently failed to post his mail as she was required to do. Plaintiff has offered nothing by which a jury could find that Defendant's conduct was intentional or rose to the level of a constitutional violation. *See, e.g.,* Simkins v. Bruce, 406 F.3d 1239, 1242 (10th cir. 2005) (stating that a plaintiff seeking to succeed on a claim that a right of access to the courts has been impeded must allege intentional conduct interfering with his legal mail); Snyder v. Nolen, 380 F.3d 279, 291 n.11 (7th Cir. 2004) (restating that "an allegation of simple negligence will not support a claim that an official has denied an individual access to the courts" and citing cases from other courts holding same).

In sum, the Court finds that the evidence put forth by Plaintiff is insufficient to create genuine issues of material fact as to a claim for intentional interference with legal mail. Accordingly, Defendant is entitled to judgment as a matter of law and the Magistrate Judge's Recommendation, that Plaintiff's Motion for Summary Judgment be denied and Defendant's

---

[1] This issue is not really in dispute.

[2] The jury would have to credit Plaintiff's testimony that the envelope contained his application for certificate of probable cause, as he has offered no documentary proof to support his contention. Defendant contends that the envelope contained a "Motion for 30 Day Extension for Appeal."

Motion for Summary Judgment be granted, is hereby accepted by the Court.

**SO ORDERED**, this the 20th day of March, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls