# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **JOSEPH KEATON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 7:04-cv-55(HL) |
| : | |
| **J. MARTIN**, : | |
| : | |
| Defendant. : | |

## ORDER

Plaintiff, Joseph Keaton, has filed a motion styled as "Motion, Rule 60, Relief from Judgment or Order, Demand for Trial Rule 38, Rule 39" (Doc. 74). Because Keaton filed his Motion within 10 days after entry of judgment, the Court will treat the Motion as a Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e).

By Order entered March 20, 2007, the Court adopted the Recommendation of Magistrate Judge Richard L. Hodge, thereby denying Keaton's Motion for Summary Judgment and granting the Motion for Summary Judgment of Defendant, Jan Martin. The Court found that the evidence put forth by Keaton was not sufficient to create genuine issues of material fact as to a claim for intentional interference with legal mail. In the Motion under consideration here, Keaton argues that the Court failed to consider all of the evidence and, if it had, would have reached a different result.

The Court finds Keaton's arguments to be without merit. The Court undertook to review all evidence in the record and found it to be insufficient to allow Keaton's claim to go forward.

Keaton's argument suggests that because the Court did not mention each item of evidence by name, it failed to consider every item of evidence. For example, Keaton complains that a grievance form which he filed was not mentioned by the Court. It is true that the Court did not specifically reference the grievance form in its Order. Nevertheless, the Court considered the grievance form. Moreover, the Court determined that the existence of the grievance form, even when combined with the other evidence in the case, was not sufficient to create a jury question as to Keaton's underlying claim, namely whether Jan Martin violated his constitutional rights by intentionally interfering with his legal mail.

As it did before, the Court has reviewed the record in this case. The Court continues to be of the opinion that the evidence put forth by Plaintiff is insufficient to create genuine issues of material fact as to his claim for intentional interference with legal mail. Therefore, his Motion is denied and the judgment stands as entered on March 21, 2007.

**SO ORDERED**, this the 9th day of July, 2007.

                                               *s/ Hugh Lawson*
                                               **HUGH LAWSON, JUDGE**

mls